1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                      )
SONY BMG MUSIC ENTERTAINMENT, *et al.*,               )
                                                      )          Case No. C05-1141TSZ-RSL
                        Plaintiffs,                   )
          v.                                          )
                                                      )          ORDER RENOTING MOTION
DEBRA AGUILAR,                                        )          FOR DEFAULT JUDGMENT
                                                      )
                        Defendant.                    )
_____      )

      This matter comes before the Court on plaintiffs' "Application for Entry of Default Judgment by the Court" pursuant to Fed. R. Civ. P. 55 and Local Civil Rule 55(b)(2). Dkt. # 10. Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability (but not allegations as to the amount of damages). See TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983).  In exercising its discretion to grant default judgment, the court may consider the following factors: (1) the possibility of prejudice to plaintiffs; (2) the merits of plaintiffs' substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT

1  Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d

2  1470, 1471-72 (9th Cir. 1986).  The Court has the discretion to consider plaintiffs to have met

3  their burden of proof by the admissions of liability which accompany entry of default against

4  defendant.  However, "necessary facts not contained in the pleadings, and claims which are

5  legally insufficient, are not established by default."  Cripps v. Life Ins. Co., 980 F.2d 1261, 1267

6  (9th Cir. 1992).  The Court has the power to require additional proof of any fact alleged in the

7  complaint "or to make an investigation of any other matter" necessary to establish liability or

8  damages.  Fed. R. Civ. P. 55(b)(2).

9          Having reviewed the complaint to determine if plaintiffs are entitled to the remedy

10  sought, the Court finds that additional proof is necessary.  Plaintiffs seek a finding that

11  defendant committed six copyright violations by using an online media distribution system to

12  copy and distribute copyrighted sound recordings in violation of the Copyright Act, 17 U.S.C. §

13  101, et seq.  Plaintiffs' complaint does not contain any specific allegations regarding the number

14  of copies made or distributed by defendant.  Paragraph 10 of the complaint asserts that plaintiffs

15  are the owners or licensees of the six copyrighted recordings identified in Exhibit A and of

16  "certain of the sound recordings listed on Exhibit B."  In paragraph 12, plaintiffs allege that

17  defendant has copied and distributed the copyrighted recordings.  There are no allegations

18  regarding the number of recordings copied or distributed.  Nor have plaintiffs provided sufficient

19  evidence from which the Court could, with confidence, find the number of copyright violations.

20  Although the six copyrighted recordings identified in Exhibit A each appear once on the list

21  provided as Exhibit B, the latter document has not been authenticated (or even described), there

22  is no obvious link between defendant and "mikeyboy@KaZaA," and the Court cannot simply

23  presume that defendant copied or distributed each of the six recordings identified in Exhibit A.

24          Plaintiffs shall, within 30 days of the date of this Order, submit additional proof to

25  support the requested finding regarding the number of copyright violations committed by

26

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT                    -2-

1    defendant.  Failure to do so will result in the denial of the pending motion for default judgment.

2    The Clerk of Court is directed to renote plaintiffs' "Application for Entry of Default Judgment

3    by the Court" on the Court's calendar for Friday, June 2, 2006.

4

5               DATED this 2nd day of May, 2006.

6

7

8                                    _Mp S Casnik_
                                     Robert S. Lasnik
9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER RENOTING MOTION FOR
DEFAULT JUDGMENT                    -3-